CASE 20—MOTION—JUNE 12.

## Johnson vs. Commonwealth.

APPEAL FROM LOUISVILLE CITY COURT.

The act prohibiting certain courts in Jefferson county from receiving attorneys at law as surety or bail, is constitutional. (*Sess. Acts* 1865, *p.* 35.)

Johnson vs. Commonwealth.

L. A. Wood, for appellant, cited 1 *Rev. Stat.*, p. 156; 4 *Bl. Com.*, 497; 1 *Bennett & Hard's. Lead. Crim. Cases*, 236; 1 *Chitty's Burns' Just.*, 322; *Hawk. Pl. Cr.*, 189.

Jno. M. Harlan, Attorney General, for Commonwealth.

JUDGE WILLIAMS DELIVERED THE OPINION OF THE COURT:

By an act of the Legislature, approved February 9th, 1865, (*Sess. Acts*, 1 *vol.*, 35): "No attorney at law shall be received by the Jefferson circuit court, or city court of Louisville, or any examining court within Jefferson county, as surety or bail on any bond or recognizance for any person charged with a violation of the criminal or penal laws, or disorderly conduct, breaches of the peace, or other violations of law."

Sarah Johnson being arrested on a peace warrant, the city court of Louisville held her to bail in the sum of $100; whereupon she offered L. A. Wood as her surety, he being a practicing lawyer of the court. Though entirely solvent, the court rejected him; and from this order this appeal is prosecuted, appellant insisting that said enactment is unconstitutional and void, because it conflicts with section 18, article 13, new Constitution, which declares "that all prisoners shall be bailable by *sufficient* securities, unless for capital offenses," &c. Whilst it was evidently the intention of the framers of the Constitution to secure to prisoners the inestimable privilege of bail, it was not intended by the Constitution to declare the qualifications of the bail, but to leave to the law-making department the power, unabridged, of declaring who should be deemed sufficient bail; hence, the Legislature has, by various enactments, declared the qualifications of bail in various cases and classes; requiring them to be residents; sometimes requiring them to possess property in the State subject to execution sufficient to satisfy the amount of the bail bond after paying all their just debts; at other times, allowing them to regard their choses in action and property held by equitable title; sometimes authorizing the deposit of a sum of money equal to the sum fixed for which bail should be bound; sometimes declaring that the judges and other officers of the court should not be taken as such sureties; but this has not been deemed an unconstitutional exercise of power.

The Constitution meant only to declare and secure this great right of giving *sufficient* bail, not to declare the *sufficiency* of the bail, but to leave this to be ascertained by law.

If the Legislature deem it advisable as a public policy, and to preserve the pure and impartial administration of the law, to rid the lawyers, either in the whole State or some particular locality, of any personal interest in evading the law or its just punishments, by debarring them from being sureties for persons accused of its violation, we cannot see anything inconsistent with the privileges of attorneys, or violative of the rights of the accused; nor would this be the rejection of, nor the requiring excessive bail, especially whilst the laws so profusely authorize almost any others who may have sufficient legal or equitable estate to become bail, and authorize the deposit in money of the amount fixed for bail; it is, therefore, within none of the inhibitions of the Constitution.

The judgment is, therefore, affirmed.